IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAMERON PEARL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-00428-KD-M |
| | ) |
| ONTARIO SYSTEMS, LLC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on defendant Ontario Systems, LLC's "Motion for Leave to Assert Counterclaim" (doc. 21). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Ontario moves the Court for leave to amend its answer to assert a counterclaim for breach of contract against plaintiff Pearl based upon information obtained during Pearl's recent deposition. Ontario argues that Rule 15 of the Federal Rules of Civil Procedure applies[1] and that this Court must decide whether "leave shall be freely given when justice so requires."[2]

However, the Rule 16(b) Scheduling order set a deadline of January 20, 2012, for amendments of pleadings and that deadline has passed. Since the district courts "must issue the

---

[1] The Court is aware that the Advisory Committee Notes to the 2009 Amendment to Rule 13, Counterclaims and Crossclaims, indicate that Rule 15(a) applies. The Notes explain that Rule 13(f) has been deleted and now "[a]n amendment to add a counterclaim will be governed by Rule 15." Fed. R. Civ. P. 13, Advisory Committee Notes. That may be true until the deadline for amendment of pleadings set forth in the Rule 16(b) Scheduling Order has passed. The Court sees no reason to treat this motion for leave to amend to add a counterclaim any differently than any other motion for leave to amend a pleading filed beyond the deadline in the Rule 16(b) order.

[2] The Court notes that Ontario cites to an earlier version of the Rule. The current version reads: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (effective December 1, 2007)

scheduling order" which "must limit the time . . . to amend the pleadings" and the scheduling order "may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(1), (3) & (4), Ontario is actually seeking leave to amend the scheduling order to extend the deadline as well as leave to amend its answer.

If Ontario had sought leave to amend its answer to add the counterclaim before the scheduling order deadline, the Court would look to Rule 15(a) to determine whether the amendment should be allowed. While leave to amend under Rule 15(a) may be freely given, leave to amend at this procedural posture will only be given upon a showing of "good cause" under Rule 16(b)(4) ("Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent."). *Smith v. School Bd. of Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "Otherwise, scheduling order deadlines would be 'meaningless' and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure." *Anderson v. Board of School Comm'rs of Mobile County, Al.*, 78 F. Supp. 2d 1266, 1269 (S.D. Ala. 1999). "The good cause standard articulated by Rule 16(b) precludes modification of a scheduling order deadline unless it cannot 'be met despite the diligence of the party seeking the extension.'" *Id*. (citations omitted).

Therefore, Ontario must show "good cause" for the delay and obtain the Court's consent. To do so, Ontario has the burden of showing that "extraordinary circumstances require" allowing the amendment and that "the parties have diligently pursued discovery." *Williams v. Baldwin County Comm'n*, 203 F.R.D. 512, 516 (S.D. Ala. 2001). In that regard, Ontario states that "[d]ue to scheduling difficulties of Plaintiff's deposition, Ontario was unable to depose Plaintiff prior to January 20, 2012, and thus, did not learn of the information supporting its Counterclaim until

after the cut off to file for leave to amend its pleadings." (doc. 21).  Ontario also states that the parties had "difficulty scheduling the deposition of the Plaintiff due to his work schedule; the deposition began (but was not completed) on May 21, 2012." *Id*.

Ontario has not met its burden.  Scheduling difficulties attendant to accommodating a deponent's work schedule generally do not equate to extraordinary circumstances. As to diligence, there was no docket activity from September 27, 2011 when the Rule 16(b) Scheduling Order was entered through April 26, 2012, when the parties filed their first joint motion to continue discovery and dispositive motions deadlines.  Also, instead of diligently pursuing discovery during the time frame set in the Rule 16(b) Scheduling Order, the parties have obtained two extensions of the discovery deadline (docs. 13, 26), with discovery extended until June 29, 2012, and the dispositive motion deadline rescheduled for July 6, 2012 (doc. 26).

Ontario knew as of September 27, 2011, that it had approximately four months to depose Pearl and ascertain any basis for amendment to the pleadings, in order to meet the January 20, 2012 deadline for amendments.  Instead, Pearl's deposition did not begin until May 21, 2012, approximately eight months after the scheduling order was entered and ten days after the original discovery deadline of May 11, 2012.  The motion is DENIED for failure to show good cause.

DONE and ORDERED this the 15th day of June, 2012.

/s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE

3