# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CAMERON PEARL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 11-00428-KD-M |
| | ) |
| ONTARIO SYSTEMS, LLC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on defendant Ontario Systems, LLC's "Motion to Amend Scheduling Order for Leave to Amend Pleadings and Assert Counterclaim" (doc. 28) and the response filed by plaintiff Cameron Pearl (doc. 36). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED** and paragraph 5 of the Rule 16(b) Scheduling Order is amended for the limited purpose of allowing Ontario to amend its answer to add its counterclaim on or before **July 13, 2012.** Pearl shall file his response to the counterclaim on or before **July 20, 2012.**

Accordingly, the deadlines set forth in the Rule 16(b) Scheduling Order, as amended, are further amended as follows:

2. FINAL PRETRIAL CONFERENCE. This action is set for a final pretrial conference before the District Judge on **Thursday, September 20, 2012, at 11:30 a.m.** This is a firm setting and the parties are expected to be ready for trial on that date.

8. PRETRIAL DISCLOSURES. The disclosure of information regarding the evidence that each party may present at trial required by Fed.R.Civ.P. 26(a)(3) is to be made on or before **September 11, 2012**.

11. DISPOSITIVE MOTIONS. Motions for summary judgment and any other dispositive motions, especially those which require little or no discovery, are to be filed as soon as possible but in no event later than **July 20, 2012.**

12. SETTLEMENT. On or before **July 20, 2012**, the parties shall confer for the purpose of discussing settlement and shall file with the Clerk of Court a joint statement setting out the present status of settlement negotiations (without disclosing figures) and whether mediation or a settlement conference would be helpful.

All other provisions of the Scheduling Order remain in effect.

Analysis

Ontario moves the Court for leave to amend its answer to assert a counterclaim against Pearl for breach of the non-compete agreement based upon information obtained during Pearl's deposition in May 2012.  Ontario argues that it has met the good cause requirement of Rule 16(b)(4) of the Federal Rules of Civil Procedure because the parties engaged in settlement negotiations and Pearl's deposition was delayed because of his work schedule.  Ontario also argues that even if it had deposed Pearl before the January 20, 2012 deadline for amendment to pleadings, it would not have learned the facts which support the counterclaim because Pearl began to work for the competitor after the deadline in either February or March of 2012.  Hence, the deadline to amend pleadings to add the counterclaim could not have been met despite the diligence of the parties.

Pearl responds that Ontario's allegations that he violated two provisions of the non-compete agreement are not supported by the cited deposition testimony.  Pearl argues that his testimony could not reasonably be interpreted as evidence that he is working in competition with Ontario or that he made statements disparaging Ontario to customers or potential customers.

In other words, Pearl argues that allowing the counterclaim would be futile in that there is no evidence to support the counterclaim.

Leave to amend at this procedural posture will only be given upon a showing of "good cause" under Rule 16(b)(4) ("Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent."). *Smith v. School Bd. of Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Ontario must show "good cause" for the delay and obtain the Court's consent. To do so, Ontario has the burden of showing that "extraordinary circumstances require" allowing the amendment and that "the parties have diligently pursued discovery." *Williams v. Baldwin County Comm'n*, 203 F.R.D. 512, 516 (S.D. Ala. 2001).

Ontario has met its burden. Ontario has now presented evidence that even had it deposed Pearl before the deadline for amendment of pleadings, it could not have discovered that Pearl worked for a competitor. Pearl began employment with a competitor in February or March of 2012, after the January 20, 2012, deadline for amendment of pleadings. Therefore, regardless of whether Pearl's deposition was delayed because Ontario cancelled the December 28, 2011 deposition or because of Pearl's work schedule, extraordinary circumstances exist such that Ontario should be allowed to amend its answer to assert a counterclaim against Pearl for breach of the non-compete agreement.

Additionally, when a motion for leave to amend a complaint should be denied on basis of futility, the Eleventh Circuit has explained that

> A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss. . . . A complaint must be dismissed if it fails to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). In determining whether a complaint states a claim for relief, the reviewing court must "accept[ ] the factual allegations in the complaint as true and construe[ ]

3

>them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). The complaint must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-1965.

*Christman v. Walsh,* 416 Fed. Appx. 841, 844 (11th Cir. 2011).

Applying this standard, the Court finds that Ontario has plead sufficient factual content, accepted as true and construed in the light most favorable to Ontario, from which the Court could draw a reasonable inference that Pearl is liable for breach of the non-compete agreement. (*See* Doc. 28-1, ¶ 13).

DONE and ORDERED this the 6th day of July, 2012.

>/s/ Kristi K. DuBose
>KRISTI K. DuBOSE
>UNITED STATES DISTRICT JUDGE